**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Fred A. STRADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 2012.

Filed Aug. 13, 2012.

Arthur D. Agnellino, Sayre, for appellant.

Daniel J. Barrett, Assistant District Attorney, Towanda, for appellee.

BEFORE: STEVENS, P.J., BOWES, and STRASSBURGER*, JJ.

OPINION BY STRASSBURGER, J.:

On appeal, Fred A. Stradley (Appellant) challenges the propriety of the sentencing court's decision to award restitution without deducting the amount paid to the victim by his insurer. We affirm in part, vacate in part, and remand for entry of a restitution award payable to Appellant's insurer, Allstate Insurance Company ("Allstate") in the amount of $7,900.00

On December 21, 2009, Appellant entered a guilty plea to driving under the influence of alcohol (DUI) (Tier III, second

* Retired Senior Judge assigned to the Superior Court.

offense, highest rate of alcohol),[1] which arose from Appellant's involvement in a two vehicle accident, on August 23, 2009. On February 16, 2010, Appellant was sentenced to 120 days to 18 months' imprisonment and directed to pay a $1,500.00 fine. Appellant additionally was ordered to pay $7,900.00 in restitution, for property damage incurred in the accident. No post-sentence motions were filed. Appellant also did not file a direct appeal.

On April 12, 2011, Appellant filed a "Combined Motion to Vacate Restitution Order and Declare Defendant in Compliance with [75 Pa.C.S. § 1550(b)(1)(i) (pertaining to judicial review of driver's license suspensions or revocations) ]." Attached as exhibits to the motion were a letter from Allstate, and supporting documentation, advising that it had satisfied payment for the damages sustained by Regina Porter (the victim), the driver of the other vehicle, in the form of three checks in the amount of $7,681.05 (issued 9/9/2009 for property damage), $375.76 (issued 9/11/2009 for loss of services—rental car), and $217.95 (issued 9/26/2009 for property damage). The trial court dismissed Appellant's motion, reasoning that it was an untimely motion to modify sentence. *See* Order dated 6/21/2011. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents for our consideration the following issues:

1. 75 Pa.C.S. § 3802(c).

2. Appellant has not included a separate page containing a concise recitation of his issues on appeal in violation of Pa.R.A.P. 2116. While we could find Appellant's issues waived on this basis, we will overlook the defect because Appellant has raised the questions involved in the argument section of his brief, and this omission does not impede our ability to address the merits of those issues. *See Commonwealth v. Clinton*, 453 Pa.Super. 385,

1. Whether the trial court erred in finding Appellant's motion to vacate restitution untimely?
2. Whether the trial court erred in not allowing the restitution portion of the sentence to be vacated because Appellant's insurance company had already paid the victim?

Appellant's Brief at I (paraphrased).[2]

 Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. *Commonwealth v. Boyd*, 835 A.2d 812, 819 (Pa.Super.2003). Appellant's questions, regarding the restitution portion of his sentence, concern not only the jurisdiction of the trial court to review the claim, but also concern the trial court's original authority to impose it. Essentially, Appellant maintains that he should not be required to pay restitution for amounts already paid on his behalf, and that, as such, the amount of the restitution award should be vacated due to full payment of the actual loss already having been made by his insurer to the victim.

In the context of criminal proceedings, an order of "restitution is not simply an award of damages, but, rather, a sentence." *Commonwealth v. C.L.*, 963 A.2d 489, 494 (Pa.Super.2008). An appeal from an order of restitution based upon a claim that a restitution order is

683 A.2d 1236, 1239 (1996) (providing that while issues not presented in the statement of questions involved are generally deemed waived, court may overlook the defect when the defendant raises the questions involved in some other portion of his brief). *Compare Commonwealth v. Dixon*, 907 A.2d 533, 539 n. 5 (Pa.Super.2006) (finding issue raised in argument section of appellate brief waived because the defendant failed to include it in his Statement of Questions Involved).

unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. *Commonwealth v. Redman,* 864 A.2d 566, 569 (Pa.Super.2004), *appeal denied,* 583 Pa. 661, 875 A.2d 1074 (2005). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Hughes,* 986 A.2d 159, 160 (Pa.Super.2009).

*Commonwealth v. Atanasio,* 997 A.2d 1181, 1182–83 (Pa.Super.2010). Thus, because Appellant's underlying claim on appeal challenges the legality of his sentence, its review is not abrogated by the entry of his guilty plea.

However, before reaching the merits of this issue, we first must determine whether the trial court had jurisdiction to address Appellant's motion to vacate restitution, which was filed approximately fourteen months after judgment of sentence was entered.

■ Section 1106 of the Crimes Code, which governs restitution for injuries sustained to person or property, provides in relevant part:

> (3) **The court may, at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, **alter, or amend any order of restitution made** pursuant to paragraph (2), provided, however that the court states its

reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3). This provision has been interpreted by our Court to permit a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court. *See Commonwealth v. Mitsdarfer,* 837 A.2d 1203 (Pa.Super.2003) (holding that proper remedy for defendant requesting a reduction in the amount of restitution, entered following no contest plea to unauthorized use of an automobile, eleven months after judgment of sentence was entered, was through trial court, pursuant to 18 Pa.C.S. § 1106, and not PCRA; since statute afforded trial court authority to amend or alter restitution order at any time, defendant was not time-barred from filing an appropriate motion with the trial court). Accordingly, we agree with Appellant that the trial court erred in finding Appellant's motion to vacate restitution waived on the ground of untimeliness. Given this determination, we review Appellant's issue on its merits.

Appellant argues that the restitution order should be vacated because the victim has been made whole, that payments emanating from his insurer are equivalent to payments made directly by him, and that his insurer is not a victim, under 18 Pa. C.S. § 1106, but rather is a party obligated by contract to insure Appellant. Appellant's Brief at 5–7. He stresses that his insurer is not seeking reimbursement, as the insurer has returned to him disbursements received from Bradford County Collections Department as subrogee of the victim.[3]

---

3. It is discerned from the certified record and the Commonwealth's Brief, that the policy of the Bradford County Collections Department is to first pay the victim the restitution amount awarded, then to pay the insurance

company restitution for any amounts paid to the victim by it, as subrogee of the victim. Should the insurance company decline to receive payment of the restitution funds, the

■ We conclude that under the applicable statutory language, the sentencing court had no discretion and was required to award Allstate restitution, upon determining that the victim had been fully compensated by Allstate for damages. Section 1106, restitution for injuries to person or property, of the Crimes Code provides:

(a) **General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106. Sub-section (c)(1)(i) of Section 1106 pertains to mandatory restitution and states in pertinent part that the court "shall order full restitution . . . so as to provide the victim with the fullest compensation for the loss," and that the court "shall not reduce a restitution award by any amount that the victim has received from an insurance company **but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.**" 18 Pa.C.S. § 1106(c)(1)(i) (emphasis added).

Thus, in no uncertain terms, the statutory language requires the sentencing court to order restitution so as to provide the victim with full compensation for his or her actual loss and that such an award is not to be reduced by any amount the victim received from an insurer. Rather, restitution for amounts paid by an insurer must be awarded to that insurer. The argument that an insurer cannot be considered a victim is clearly refuted by the definition of "victim" contained within the statute. The term "Victim" "includes . . . any insur-ance company that has compensated the victim for loss under an insurance contract." 18 Pa.C.S. § 1106(h). Hence, it is clear that the restitution award entered at the sentencing hearing cannot stand as stated.

Under the statutory language, it is irrelevant that the insurance company is not seeking the award. There is no discretion accorded the court to make the award to any entity other than to the insurer. Pursuant to the express language of Section 1106, the victim is not permitted to recover for loss that she did not sustain. Section 1106 requires that the insurer rather than the victim be awarded restitution for any amount that it paid to the victim to cover the victim's loss.

■ However, Appellant claims that this interpretation of Section 1106 is void as against public policy because it is in conflict with 75 Pa.C.S. § 1724, which prevents an insurance company from denying benefits in a DUI case. Section 1724, entitled "Certain nonexcludable conditions," provides:

(a) *General ·rule.*—Insurance benefits may not be denied solely because the driver of the insured motor vehicle is determined to be under the influence of drugs or intoxicating beverages at the time of the accident for which benefits are sought.

(b) *Contract exclusions.*—Provisions of an insurance policy which exclude insurance benefits if the insured causes a vehicular accident while under the influence of drugs or intoxicating beverages at the time of the accident are void.

75 Pa.C.S. § 1724. Appellant argues that because this statute requires an insurer to provide coverage for both property damage and personal injury sustained in an

funds remain held by the county collections

unit.

accident where the insured is under the influence, "[i]t would go against public policy for a state that requires all of its registered motor vehicles to carry a minimum coverage of insurance to thus be allowed to recover under a theory of restitution for such coverage that they have contracted to provide after paying it out to an injured party." Appellant's Brief at 6–7. We find no conflict between Section 1106 and Section 1724. What Appellant fails to consider is that Section 1106 is a penal statute, which is separate from any contractual obligations entered by him with his insurer, and protected by Section 1724.

We further note, to the extent that the trial court claims Appellant lacks standing to assert subrogation rights of his insurer, Appellant was not seeking subrogation; instead, he sought a reduction in restitution by any sum paid by Allstate.

■ Also, we are cognizant that neither party has asked that Allstate be awarded the amounts it paid to the victim. However, as we noted above, an award of restitution relates to the legality of a sentence. It is settled that a legality-of-sentence issue "may be reviewed *sua sponte* by this Court," due to the fact that an "illegal sentence must be vacated." *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa.Super.2003).

In conclusion, we hold that Section 1106 of the Crimes Code unambiguously states that the court must order the defendant to pay restitution for any amount that the victim received from an insurance company to the insurer that made the payment to the victim. At the original sentencing, the court simply ordered restitution of $7,900.00 and did not indicate who should receive payment. The parties agreed at sentencing that there was a claim of restitution from the victim in the amount of $7,900.00 and that Allstate had paid the victim that amount to cover the property damage loss. Thus, based on the unequivocal language of Section 1106 and the factual circumstances of this action, we are compelled to vacate the judgment of sentence and remand for an order of restitution to be paid to Allstate. While 18 Pa. C.S. § 1106 mandates Appellant provide restitution to Allstate as reimbursement for payment made to the victim, if the insurance carrier excuses Appellant of repayment, once payment is made by Appellant as ordered, there is nothing in the statute that precludes the carrier from returning or crediting the funds to Appellant.

Judgment of sentence vacated in part. Case remanded for entry of a restitution award in favor of Allstate Insurance Company in the amount of $7,900.00. The remainder of the February 19, 2011 sentence is affirmed. Jurisdiction relinquished.