J-S25025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC JAMES LOPEZ | |
| Appellant | No. 1224 WDA 2015 |

Appeal from the PCRA Order July 7, 2015
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000011-2013

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                          **FILED MARCH 21, 2016**

Appellant, Eric James Lopez, appeals from the July 7, 2015 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the procedural history of this case in its Pennsylvania Rule of Criminal Procedure 907 notice of intention to dismiss the PCRA petition as follows.

> On March 6, 2014[,] [Appellant] pled guilty to one count of simple assault and one count of recklessly endangering another person [(REAP)][1] and was subsequently sentenced to an aggregate sentence of 38 to 76 months with credit for 461 days served.  Upon the [trial] [c]ourt learning that the sentence exceeded the permissible maximum the March 6, 2014 plea was revoked and the Sentencing

---

[1] 18 Pa.C.S.A. §§ 2701(a) and 2705, respectively.

Order rescinded. On March 11, 2014, [Appellant] again pled guilty to one count of simple assault and one count of [REAP] and was subsequently sentenced to an aggregate sentence of 24 to 48 months with no credit for time served. Several times during the March 11, 2014 plea preceding [sic] the [trial] [c]ourt made certain that [Appellant] understood that he would receive no credit for time served. Each time the [trial] [c]ourt made such an inquiry [Appellant] indicated he understood.

Subsequently, [Appellant] filed a Notice of Appeal on April 7, 2014, raising the issue of whether [the trial] [c]ourt abused its discretion by not giving [Appellant] credit for time served. On December 22, 2014 the Superior Court issued a decision affirming [Appellant's] sentence without credit for time served. [**Commonwealth v. Lopez**, 116 A.3d 696 (Pa. Super. 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.] On December 23, 2014 [Appellant] filed a timely first PCRA Petition raising the issues of his failure to receive credit for time served and that he did not agree with the amount of restitution.

PCRA Court Rule 907 Notice of Intention to Dismiss, 6/16/15, at 1-2.

On February 25, 2015, the PCRA court appointed counsel. On June 16, 2015, the PCRA court issued the Rule 907 notice of its intention to dismiss. Appellant did not respond, and on July 7, 2015, the PCRA court dismissed the petition without a hearing. Thereafter, on July 23, 2015,

Appellant filed a motion for reconsideration, which the trial court denied on July 30, 2015. Appellant filed a timely notice of appeal on August 4, 2015.[2]

On appeal, Appellant presents the following issue for our review.

> Should the [C]ourt reverse and remand the Potter County Trial Court of Common Pleas and find the trial court erred as a matter of law in:
>
> a. Failing to permit a hearing on [Appellant's] first PCRA petition[]?

Appellant's Brief at 7.

Appellant's argument is limited to his contention that the PCRA court erred in dismissing his first, timely PCRA petition without a hearing. *Id.* at 8. Specifically, Appellant argues that the PCRA court denied his "due process rights to be heard … since appointed counsel was never permitted to present the properly preserved issues to the tribunal[.]" *Id.* at 12.

> We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

---

[2] The PCRA court did not direct Appellant to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement. Nonetheless, Appellant filed a Rule 1925(b) statement on September 3, 2015. That same day, the PCRA court issued an opinion noting that the June 16, 2015 Rule 907 notice contained its reasons for dismissing Appellant's PCRA petition.

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> > [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and internal quotation marks omitted). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed in section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include the legality of the sentence. *Id.* § 9543(a)(2)(vii). The issues raised in a PCRA petition must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

Here, Appellant's PCRA petition contained two grounds for relief. Appellant's PCRA Petition, 12/23/14, at 2-3. Specifically, Appellant asserted that the trial court failed to award credit for time served and that the trial court imposed an incorrect amount of restitution. *Id.* at 3.

- 4 -

Turning to Appellant's first claim regarding the trial court's alleged failure to award credit for time served, we initially note that such a claim is a challenge to the legality of Appellant's sentence and is cognizable under the PCRA. ***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014), *appeal denied*, 104 A.3d 524 (Pa. 2014). Appellant previously litigated the issue of time served on direct appeal. ***See Lopez***, ***supra*** at 6 (concluding that Appellant understood that he was not receiving credit for time served as part of his plea and that his sentence was lawful). Therefore, Appellant is not eligible for PCRA relief on the issue of credit for time served because it was previously litigated. ***See*** 42 Pa.C.S.A. § 9543(a)(3). Accordingly, we conclude the PCRA court did not err or abuse its discretion in dismissing this issue without conducting an evidentiary hearing. ***See Miller***, ***supra***.

Appellant's second basis for relief in his PCRA petition was the bald assertion that "[he] still dident [sic] agree with the restitution[.]" Appellant's Motion for Post Conviction Collateral Relief, 12/23/14, at 3. A claim that the amount of restitution is excessive involves a discretionary aspect of sentencing. ***See In re M.W.***, 725 A.2d 729, 731 n.4 (Pa. 1999) (explaining that a challenge to the trial court's authority to impose restitution implicates the legality of the sentence, but an argument that the restitution order is excessive is a discretionary aspect). Bald challenges to

the discretionary aspects of a sentence are not cognizable under the PCRA.[3]

***Commonwealth v. Taylor***, 65 A.3d 462, 467 (Pa. Super. 2013). Therefore, Appellant is not eligible for PCRA relief on his restitution issue, and the PCRA court did not err or abuse its discretion in dismissing his petition without an evidentiary hearing.[4] ***See Miller***, ***supra***.

Based on the foregoing, we conclude that the PCRA court did not err or abuse its discretion in dismissing Appellant's PCRA petition without an evidentiary hearing as the record reflects Appellant has not raised a genuine issue of material fact. ***See id.*** Accordingly, the PCRA court's July 7, 2015 order is affirmed.

Order affirmed.

_____

[3] Appellant has not framed his discretionary aspects claim as an ineffectiveness of counsel argument, so it is not cognizable under the PCRA. ***See Taylor***, ***supra*** at 467 n.4 (recognizing that a discretionary aspects claim presented as the underlying reason for counsel's ineffectiveness is cognizable under the PCRA).

[4] We note that our decision does not foreclose Appellant's ability to file a motion to modify the amount of restitution under Section 1106 of the Crimes Code, 18 Pa.C.S.A. §§ 101-9402, because Section 1106 "permit[s] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court." ***Commonwealth v. Stradley***, 50 A.3d 769, 772 (Pa. Super. 2012); ***see also Commonwealth v. Gentry***, 101 A.3d 813, 816 (Pa. Super. 2014) (stating Section 1106 "creates an independent cause of action for a defendant to seek modification of an existing restitution order"), *citing* ***Stradley***, ***supra*** and 18 Pa.C.S.A. § 1106(c)(3).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/21/2016