J. S52009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :      IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
                v.                :
                                     :
CLARENCE RICHBURG,             :            No. 2041 EDA 2015
                                     :
             Appellant       :


Appeal from the Judgment of Sentence, February 19, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011746-2013


BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JULY 11, 2016**

Clarence Richburg appeals from the February 19, 2015 aggregate

judgment of sentence of two to five years' imprisonment imposed after he

pled no contest to possession of a controlled substance and possession with

intent to deliver a controlled substance ("PWID").[1]  After careful review, we

vacate the judgment of sentence and remand for resentencing.

The trial court summarized the relevant facts of this case as follows:

> During the no-contest plea hearing, the parties
> stipulated to the facts adduced during the
> [suppression] plea hearing, which established that
> on August 14, 2013, Philadelphia Police Officer
> Jeffery Opalski, a five-year veteran of the police
> department, and his partner, Officer Mundrick, were
> working undercover in the vicinity of 54th Street and

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16) and (a)(30), respectively.

Haverford Avenue, a high crime and drug area, when Officer Opalsk[i] observed [a]ppellant approach a black female. Appellant engaged the female in a conversation and then took small objects out of his pocket, which he placed into the palm of the woman's open hand. The woman then handed [a]ppellant some money and left the area.

Based on his experience, Officer Opalski concluded that he had just witnessed a drug transaction. He exited his vehicle and ordered [a]ppellant to "Stop." Appellant looked at the officer and then fled into an apartment building located at 519 N. 54th Street and into one of the apartments. He exited the apartment seconds later clutching an object in his pocket at which point Officer Opalski apprehended [a]ppellant. For his safety, the officer patted the object in [a]ppellant's pocket and immediately recognized that the object was a sandwich bag filled with pills. Officer Opalski removed the object from [a]ppellant's pocket and recovered a total of sixty-two Oxycodone pills. Appellant was immediately arrested and charged with the offenses herein.

Trial court opinion, 1/15/16 at 2 (citations to notes of testimony omitted).

On November 12, 2013, appellant filed an omnibus pre-trial motion to suppress the evidence obtained from the search of his person. Following a hearing, the trial court denied appellant's suppression motion on December 10, 2014. As noted, appellant pled no contest to possession of a controlled substance and PWID and was sentenced to two to five years' imprisonment on February 19, 2015. That same day, appellant filed a post-sentence motion for reconsideration of sentence and supplemental

motion. On June 19, 2015, appellant's motions were denied by operation of law, pursuant to Pa.R.Crim.P. 720(B)(3). This timely appeal followed.[2]

On appeal, appellant raises the following issue for our review:

> Did not the sentencing court err by failing to make a determination as to appellant's RRRI[3] eligibility and failing to impose the RRRI minimum sentence in violation of 61 Pa.C.S.A. § 4505 given that appellant was eligible for such a sentence because he had no history of violence?

Appellant's brief at 3.

Appellant's claim that the trial court failed to determine whether he is eligible for an RRRI minimum sentence implicates the legality of his sentence. *See Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa.Super. 2014) (stating, "a defendant's challenge relative to the failure to apply a RRRI minimum [is] a non-waivable illegal sentencing claim." (citation omitted)). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa.Super. 2012) (citation omitted).

In order to be entitled to an RRRI minimum sentence, appellant must satisfy the statutory definition of "eligible offender," as set forth in 61 Pa.C.S.A. § 4503. Section 4503 provides, in pertinent part, as follows:

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

[3] Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S.A. §§ 4501-4512.

A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

(1)     Does not demonstrate a history of present or past violent behavior.

(2)     Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(3)     Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4)     Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions

or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5)    Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6)    Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii),

(7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 4503 (footnotes omitted). If a defendant satisfies the criteria for an "eligible offender," the trial court is required to impose an RRRI minimum sentence. *Id.* § 4505(c)(2).

Instantly, the trial court concedes that it failed to consider and apply the RRRI Act when it sentenced appellant, and therefore, his sentence is illegal. (Trial court opinion, 1/15/16 at 3-5.) The Commonwealth, in turn, indicates that a remand of this matter is necessary to determine if appellant is eligible for an RRRI minimum sentence. (Commonwealth's brief at 5-7.) We agree.

In *Commonwealth v. Thompkins*, 2015 WL 7354549 (Pa.Super. 2015), a panel of this court recently held that *Commonwealth v. Robinson*, 7 A.3d 868 (Pa.Super. 2010), is controlling over such matters. *Thompkins*, 2015 WL 7354549 at *1. In *Robinson*, this court examined the language of the RRRI Act and concluded that, "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." *Robinson*, 7 A.3d at 971. Accordingly, we vacate appellant's February 19, 2015 judgment of sentence and remand this matter for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016