J-S61037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| E.G., | |
| Appellant | No. 159 EDA 2017 |

Appeal from the Order November 17, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0004517-2008

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 06, 2017**

Appellant, E.G., appeals *pro se* from the order entered in the Court of Common Pleas of Lehigh County granting in part and denying in part his motion requesting transcription of the notes of testimony from a November 2010 hearing, and discovery of certain documents relating to his conviction of rape of a child.[1]  Because Appellant's brief is substantially defective, we quash this appeal.

The court aptly set forth the background of this case as follows:

> . . . On January 13, 2009, [Appellant] entered a plea of guilty to Rape of a Child[.]  [Appellant] was sentenced to a term

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's conviction stems from his sexual abuse of his then ten-year-old biological daughter.  (***See*** N.T. Guilty Plea, 1/13/09, at 5-6).

of imprisonment of not less than ten (10) years nor more than forty (40) years in a state correctional institution. On August 28, 2009, [Appellant] filed a direct appeal. On June 18, 2010, the Superior Court affirmed this [c]ourt's judgment of sentence. Thereafter, a Motion for Writ of *Habeas Corpus* was filed on September 7, 2010, and an amended Petition for Post Conviction Collateral Relief[2] was filed on October 29, 2010. Then, on November 22, 2010, [following a hearing, Appellant] withdrew his Petition for Post Conviction Collateral Relief. Thereafter, on February 4, 2011, [Appellant] filed a second Motion for Writ of *Habeas Corpus*, which this [c]ourt denied on April 6, 2011. Also, on June 13, 2011, [Appellant] filed a *Pro Se* Motion for Writ of *Habeas Corpus*, and on June 15, 2011, [he] filed a *Pro Se* Supplemental Motion for Writ of *Habeas Corpus*. This [c]ourt denied said motion on July 26, 2011. Then, [Appellant] filed another petition seeking post conviction collateral relief on July 12, 2012, that this [c]ourt subsequently denied. [Appellant] filed another Petition for Post Conviction Collateral Relief on December[]10, 2014. After providing [Appellant] with notice of its intent to dismiss this subsequent Motion for Post Conviction Collateral Relief, this [c]ourt denied [his] requested relief on January 1[4], 2015. Thereafter [Appellant] filed an appeal. The Superior Court of Pennsylvania affirmed this [c]ourt's [order] on March 11, 2016. [Appellant] filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which was denied on September 6, 2016. Then, on November 4, 2016, [Appellant] filed a Motion for PCRA Transcript and Discovery. On November 17, 2016, this [c]ourt ordered the transcription of the [November 22, 2010] PCRA hearing, but denied [his] discovery request. The within [timely] appeal followed on December 16, 2016.[3]

(Rule 1925(a) Opinion, 12/22/16, at 1-2).

Appellant raises five issues for our review:

1. Was trial counsel ineffective for not answering [A]ppellant's request for his discovery before and after he was sentenced?

---

[2] Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

[3] The court did not order Appellant to file a concise statement of errors complained of on appeal. It entered an opinion on December 22, 2016. *See* Pa.R.A.P. 1925.

2. Did the arresting detective violate [A]ppellant's Fourth Amendment right against unreasonable searches and seizures, by arresting him in his apartment without a warrant?

3. Was [A]ppellant served a legal search warrant by the detective to be taken to have his blood drawn for DNA comparison?

4. Did an illegal search and illegal arrest lead to an unlawful arrest and conviction?

5. Did [A]ppellant's victim, his ten year old daughter, give a statement of her own free will that she had not been touched inappropriately by anyone?

(Appellant's Brief, at 4).[4]

As an initial matter, we emphasize that appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if an appellant fails to conform to these requirements. *See* Pa.R.A.P. 2101 (authorizing quashal where defects in appellate brief are substantial). It is well-settled that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010) (citations omitted).

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with

_____

[4] Appellant also challenges the discretionary aspects of his sentence. (*See id.* at 7). This claim was previously litigated. (*See infra*, at *5 n.5).

pertinent discussion, with references to the record and with citations to legal authorities. . . .

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

. . . The appellate brief is the most vital tool in any effort to obtain relief on appeal. Any effort and preparation for appeal are lost if the arguments in the brief are presented improperly, incompletely, or inaccurately. As this Court has stated:

. . . Appellate mandates are not hyper-technical. They are designed to foster the uniform consideration of the substantive issues in all cases. We must not proceed haphazardly—following procedure in one case, ignoring it in another—under the guise of reaching those substantive issues. . . .

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011) (citations omitted); *see also* Pa.R.A.P. 2119(a)-(c).

Our procedural rules apply equally to represented parties and *pro se* litigants. *See Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

. . . Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (citations omitted).

Here, Appellant's brief falls well below the minimum standards delineated in our Rules of Appellate Procedure. Specifically, his two and one-half-page argument is not divided into sections addressing the five issues he presents in his statement of the questions involved, or the sentencing claim he purports to raise. (*See* Appellant's Brief, at pages 8-10); *see also* Pa.R.A.P. 2116(a), 2119(a). It consists chiefly of grievances regarding the circumstances of his arrest and the search of his apartment, told in narrative form, coupled with bald, conclusory allegations concerning the lack of proper documents in this case. (*See* Appellant's Brief, at 8-9 (claiming that copy of application for search warrant was not signed or sealed by judge, and declaring: "To this day [A]ppellant believes that an arrest warrant does not exist.")) (citation omitted). Notably, his argument lacks a discussion of pertinent case law relating to his request that the court actually denied—discovery.

In short, Appellant fails to provide any coherent analysis of his five questions (plus the sentencing claim), most of which appear to be issues he should have raised on direct appeal.[5] Even if we liberally construe the materials Appellant filed, the lack of pertinent legal argument and other substantial defects in his brief preclude us from conducting meaningful review.

---

[5] On direct appeal Appellant raised one issue, in which he challenged the discretionary aspects of his sentence, and this Court found the claim meritless. (*See Commonwealth v. E.G.*, No. 2584 EDA 2009, unpublished memorandum at *2-6 (Pa. Super. filed June 18, 2010)).

***See Johnson***, ***supra*** at 924. Accordingly, all of his issues on appeal are waived, and we quash this appeal. ***See id.***; ***see also*** Pa.R.A.P. 2101.[6]

      Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2017

---

[6] For the sake of completeness, we observe that Appellant erroneously claims relief under the PCRA. (***See*** Appellant's Brief, at cover page, 3). The trial court properly did not treat Appellant's discovery motion, filed years after his judgement of sentence became final, as a PCRA petition. (***See*** Order, 11/17/16; Rule 1925(a) Op., at 2-3). Moreover, we note that in PCRA litigation, "**no discovery [is] permitted at any stage of the proceedings**, except upon leave of court after a showing of **exceptional** circumstances." Pa.R.Crim.P. 902(E)(1) (emphases added). We conclude that, even if the court had treated Appellant's motion as a PCRA petition, there is nothing in the record evidencing exceptional circumstances warranting discovery. Also, as the Commonwealth points out, there were no then-pending proceedings before the court when Appellant filed his motion. (***See*** Commonwealth's Brief, at 5-6).

Furthermore, "when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." ***Commonwealth v. Stradley***, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). On their face, all of Appellant's issues would be waived.

Additionally, we observe that none of Appellant's issues were raised in the trial court. They would be waived for that reason as well. ***See*** Pa.R.A.P. 302(a).