J. S66041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES R. CHURCH, | : | No. 291 EDA 2018 |
| | :ε | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 30, 2017,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0007918-2016

BEFORE: GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 08, 2018**

Charles R. Church appeals from the November 30, 2017 aggregate judgment of sentence of 1 to 2 years' imprisonment, followed by 10 years' probation, imposed after he pled guilty to 1 count of sexual abuse of children – dissemination of photographs, videotapes, computer depictions and films, and 3 counts of sexual abuse of children – child pornography.[1]  Relevant to this appeal, the trial court also ordered appellant to register as a sex offender for a period of 25 years pursuant to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.42.  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows:

On April 19, 2017, [appellant] appeared before the undersigned and entered an open guilty plea to one count of sexual abuse of children/distribution of child pornography, a felony of the third degree, and three counts of sexual abuse of children/possession of child pornography, a felony of the second degree. The bills of information allege that [appellant's] offenses took place between May 8, 2016 and September 21, 2016. In exchange for [appellant's] guilty plea, the Commonwealth agreed to **nolle pros** more than one hundred additional charges.

At the time he entered his guilty plea, [appellant] executed a written colloquy regarding his requirements to register as a sex offender, pursuant to the version of [SORNA] that was then in effect. This colloquy informed [appellant] that his convictions subjected him to a registration period of 25 years as a "Tier 2" offender.

[Appellant] appeared before the undersigned for sentencing on November 30, 2017. During [appellant's] sentencing hearing, the prosecutor, Deputy Attorney General Michelle Laucella, Esquire, specifically requested that [appellant] be directed to "register as a sex offender for 25 years under SORNA, specifically Tier 2[.]" Defense counsel, Megan Schanbacher, Esquire, objected to the 25[-]year registration on the grounds that it improperly imposed a criminal penalty exceeding the statutory maximum for the crime of which [appellant] had been convicted.

Trial court opinion, 4/12/18 at 1-2 (citations to notes of testimony and footnotes omitted).

As noted, the trial court sentenced appellant to an aggregate term of 1 to 2 years' imprisonment, followed by 10 years' probation, on

---

[1] 18 Pa.C.S.A. §§ 6312(c) and 6312(d), respectively.

November 30, 2017. Appellant was also ordered to register as a sex offender for a period of 25 years, pursuant to SORNA. On December 11, 2017, appellant filed a post-sentence motion to reconsider sentence, requesting that the trial court modify appellant's aggregate judgment of sentence from 1 to 2 years' imprisonment to 11½ to 23 months' imprisonment. The trial court denied appellant's post-sentence motion on December 20, 2017. This timely appeal followed on January 17, 2018. On January 18, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Following an extension, appellant filed his timely Rule 1925(b) statement on February 12, 2018. Thereafter, the trial court filed its Rule 1925(a) opinion on April 12, 2018.

The crux of appellant's claim on appeal is that his sentence was illegal because the length of his registration period under SORNA exceeded the maximum term of imprisonment for the highest-graded offense for which he was convicted. (Appellant's brief at 6-7; *see also* Rule 1925(b) statement, 2/12/18 at ¶ 1.) In support of this contention, appellant relies on *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 295 (2018), wherein our supreme court held that SORNA's registration requirements are punitive in nature, and that applying SORNA retroactively to sexual offenders who committed their crimes prior to the statute's

effective date violates the ***ex post facto*** clause of the Pennsylvania Constitution. ***Muniz***, 164 A.3d at 1223.

Appellant contends that ***Muniz*** requires we vacate his sentence because the 25-year registration requirement imposed by the trial court exceeded the 10-year statutory maximum sentence that could be imposed for a conviction under Section 6312(d), a felony of the second degree. (Appellant's brief at 8-9, citing 18 Pa.C.S.A. § 1103 and 42 Pa.C.S.A. § 9754(a).)[2] Appellant avers that "[s]ince SORNA's reporting requirement is the functional equivalent of being on probation, the reporting requirement should be limited to 10 years . . . ." (Appellant's brief at 9.) We disagree.

---

[2] Section 1103 provides, in relevant part, that,

> [e]xcept as provided in 42 Pa.C.S.[A.] § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment . . . . [i]n the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.

18 Pa.C.S.A. § 1103(2). Likewise, Section 9754(a) provides as follows:

> **(a) General rule.--**In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

42 Pa.C.S.A. § 9754(a).

Preliminarily, we note that "[t]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa.Super. 2012) (citation omitted).

Appellant correctly observes that the *Muniz* court found that the registration requirements mandated by SORNA are punitive in nature. *See Muniz*, 164 A.3d at 1218. However, for the reasons that follow, we find appellant's reliance on this case misplaced. SORNA became effective on December 20, 2012, replacing the then-existing sexual offender registration statutory provisions, commonly known as Megan's Law III, 42 Pa.C.S.A. §§ 9791-9799.9 (expired). The General Assembly implemented SORNA to bring Pennsylvania's sexual offender reporting system in line with the federal mandates of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248, 42 U.S.C. §§ 16901-16991, which requires a tier-based registration and notification scheme. *Muniz*, 164 A.3d at 1203-1204.

For purposes of registration, SORNA classifies sexual offenders into the following three tiers:

> Those convicted of Tier I offenses are subject to registration for a period of fifteen years and are required to verify their registration information and be photographed, in person at an approved registration site, annually. 42 Pa.C.S.[A.] § 9799.15(a)(1), (e)(1). Those convicted of Tier II offenses are subject to registration for a period of twenty-five years and are required to verify their registration information and be photographed, in person at an approved registration site,

> semi-annually. 42 Pa.C.S.[A.] § 9799.15(a)(2), (e)(2).
>
> Those convicted of Tier III offenses are subject to lifetime registration and are required to verify their registration information and be photographed, in person at an approved registration site, quarterly. 42 Pa.C.S.[A.] § 9799.15(a)(3), (e)(3).

*Id.* at 1206-1207 (footnotes omitted).

Here, it is undisputed that at the time appellant committed the instant offenses, between May 8, 2016 and September 21, 2016, SORNA was already in effect and appellant was subject to its provisions. Moreover, appellant was properly classified as a Tier II sexual offender due to his conviction for sexual abuse of children under 18 Pa.C.S.A. §§ 6312(c). **See** 42 Pa.C.S.A. § 9799.14(c)(4). As a Tier II offender under SORNA, appellant is subject to registration for a period of 25 years. **See** 42 Pa.C.S.A. § 9799.15(a)(2), (e)(2).

As recognized by the Commonwealth, this court has recently addressed a strikingly similar situation in **Commonwealth v. Strafford**, 2018 WL 3717081 (Pa.Super. August 6, 2018). In **Strafford**, a defendant challenged the legality of his sentence, which contained a SORNA lifetime registration requirement, as violating **Muniz**. **Strafford**, 2018 WL 3717081 at *1-2. A panel of this court held that a lifetime registration requirement authorized under SORNA did not constitute an illegal sentence for a defendant convicted of multiple Tier III sexual offenses, even though the registration requirement was in excess of defendant's 6 to 12-year term of

imprisonment. *Id.* at *2-3. In reaching this decision, the **Strafford** court reasoned that the length of a registration period under SORNA is not limited to the maximum allowable term of incarceration for the underlying offense. The **Strafford** court stated:

> With respect to the punishment of incarceration, 18 Pa.C.S. § 1103 governs the maximum authorized sentence of imprisonment for felony convictions. By a separate statute, these maximum allowable terms also apply to probationary sentences, a different category of punishment authorized by the General Assembly. In 42 Pa.C.S.[A.] § 9754(a), the legislature directed that "[i]n imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, **which term may not exceed the maximum term for which the defendant could be confined**, and the authority that shall conduct the supervision." *Id.* (emphasis added). Thus, the legislature explicitly connected the authorized punishments of incarceration and probation by statute.
>
> However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. *See*, *e.g.*, 18 Pa.C.S.[A.] § 1101 (defining maximum fines); 18 Pa.C.S.[A.] § 1106 (providing statutory scheme for restitution for injuries to person or property).
>
> In SORNA the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of

> registration to the length of incarceration. ***See*** 42 Pa.C.S.[A.] § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S.[A.] § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by Section 1103. **Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration**; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.
>
> Accordingly, we conclude that [a]ppellant's lifetime registration requirement authorized by SORNA does not constitute an illegal sentence. Appellant is not entitled to relief.

***Strafford***, 2018 WL 3717081 at *3 (some emphasis added).

Likewise, in the case ***sub judice***, we cannot agree with appellant that the 25-year registration requirement imposed under SORNA renders his sentence illegal. We find this court's rationale set forth in ***Strafford*** dispositive of the underlying matter. Accordingly, we affirm the November 30, 2017 judgment of sentence.

Judgment of sentence affirmed.

J. S66041/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/18