J-S69007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CRAIG E. MOSS, | |
| Appellant | No. 1210 MDA 2018 |

Appeal from the PCRA Order Entered July 6, 2018
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001036-1996

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: JANUARY 3, 2019**

Appellant, Craig E. Moss, appeals *pro se* from the July 6, 2018 order denying his "Motion to Vacate and Correct Illegal Sentence," which the trial court treated as an untimely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm in part, vacate in part, and remand for further proceedings.

The facts of Appellant's case are unnecessary to our disposition of his present appeal.  We need only note that on January 13, 1997, Appellant pled *nolo contendere* to one count of arson, 18 Pa.C.S. § 3301(a)(1)(i).  On March 5, 1997, the court sentenced him to 42 to 240 months' incarceration, as well as restitution in the amount of $81,535.51.  Appellant filed a timely appeal, and this Court affirmed his judgment of sentence on December 5, 1997.  **See Commonwealth v. Moss**, 706 A.2d 1256 (Pa. Super. 1997) (unpublished

memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court and, thus, his judgment of sentence became final on January 5, 1998. *See* 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

Between 1998 and 2005, Appellant filed six PCRA petitions, all of which were denied. Then, on September 29, 2017, he filed a *pro se* document entitled, "Motion to Vacate and Correct Illegal Sentence," which underlies the present appeal. Therein, Appellant requested that the trial court modify or vacate allegedly illegal aspects of his sentence of restitution under 18 Pa.C.S. § 1106. Additionally, Appellant averred that he was not given adequate credit for time served prior to his sentencing hearing in March of 1997. Accordingly, he requested that the court vacate his illegal sentence and conduct a new sentencing hearing.

The court treated this document as a PCRA petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss it. Appellant filed a *pro se* response, but on July 6, 2018, the PCRA court entered an order formally dismissing his petition as being untimely filed. Appellant filed a timely, *pro se* notice of appeal, and he also timely complied with the PCRA court's order to

file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on August 16, 2018.

In his *pro se* brief to this Court, Appellant raises one question for our review: "Dose [*sic*] the rule of *stare decisis* require the trial court to entertain Appellant's motion?"  Appellant's Brief at 1 (unnecessary capitalization omitted).

Appellant contends that the trial court erred by treating his "Motion to Vacate and Correct Illegal Sentence" as a PCRA petition.  According to Appellant, this Court has "ruled that the [p]rovisions of 18 Pa.C.S.[] § 1106 [p]ermit[] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial [c]ourt."  Appellant's Brief at 3.  In support, he relies on several cases, including **Commonwealth v. Stradley**, 50 A.3d 769 (Pa. Super. 2012).  There, Stradley was sentenced on February 16, 2010, to a term of imprisonment and $7,900 in restitution.  **Id.** at 771. He did not file a post-sentence motion or a direct appeal; thus, Stradley's judgment of sentence became final in March of 2010.  **Id.** at 771-72.  Over one year later - in April of 2011 - Stradley filed a motion challenging his sentence of restitution.  **Id.** at 772.  The trial court dismissed Stradley's motion, and he appealed.  **Id.**

Initially, the **Stradley** panel clarified that the "underlying claim on appeal challenges the legality of [Stradley's] sentence...."  **Id.**  Next, we examined "whether the trial court had jurisdiction to address [Stradley's] motion to vacate restitution, which was filed approximately fourteen months

after [his] judgment of sentence was entered." *Id.* In concluding that the trial court did have jurisdiction, we explained:

> Section 1106 of the Crimes Code, which governs restitution for injuries sustained to person or property, provides in relevant part:
>
>> (3) **The court may, at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, **alter, or amend any order of restitution made** pursuant to paragraph (2), provided, however that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.
>
> 18 Pa.C.S. § 1106(c)(3) [(emphasis added)]. This provision has been interpreted by our Court to permit a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court. *See Commonwealth v. Mitsdarfer*, 837 A.2d 1203 (Pa. Super. 2003) (holding that proper remedy for defendant requesting a reduction in the amount of restitution, entered following no contest plea to unauthorized use of an automobile, eleven months after judgment of sentence was entered, was through trial court, pursuant to 18 Pa.C.S. § 1106, and not PCRA; since statute afforded trial court authority to amend or alter restitution order at any time, defendant was not time-barred from filing an appropriate motion with the trial court).

*Id.* (emphasis in original). Thus, the *Stradley* panel did not treat the petition challenging the legality of Stradley's restitution as a PCRA petition but, instead, as a motion under section 1106.

Here, Appellant unequivocally sought modification of his restitution amount under the authority of section 1106. In light of *Stradley* and *Mitsdarfer*, as well as the plain language of section 1106, we agree with Appellant that the trial court erred by treating his restitution claim as

cognizable under the PCRA and deeming it untimely. Accordingly, we vacate the court's order to the extent that it denied Appellant's motion for restitution modification, and we remand for the court to assess the merits of that issue. However, we affirm the court's order in regard to Appellant's time-credit claim.[1]

Order affirmed in part, vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/03/2019

---

[1] Appellant does not challenge the court's denial of his time-credit claim on appeal. Notwithstanding, the court clearly did not err in this regard. We have deemed such legality-of-sentencing claims as cognizable under the PCRA. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004). Thus, Appellant's attempt to raise this issue approximately 20 years after his judgment of sentence became final is untimely, and he has made no effort to plead or prove the applicability of any timeliness exception. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (directing that any PCRA petition must be filed within one year of the judgment of sentence becoming final, unless the petitioner pleads and proves the applicability of a timeliness exception). Accordingly, we affirm the court's order to the extent that it denied Appellant's time-credit claim.