J-A26013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN B. LEWIS | : | |
| | : | |
| Appellant | : | No. 2616 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003337-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

CONCURRING AND DISSENTING MEMORANDUM BY BENDER, P.J.E.:

**FILED:  MARCH 8, 2021**

I concur with the Majority's decision that Appellant's challenge to the sufficiency of the evidence to sustain his criminal mischief conviction is waived and/or meritless.  I also agree that the trial court erred by imposing restitution for the personal items missing from the victim's vehicle.  However, I respectfully dissent from the Majority's conclusion that Appellant's sentence is illegal because the court failed to award restitution to the victim's insurance company.

This Court has declared that "an insurance company is not entitled to restitution if it is not an individual victim — which it is not — or [if] it has not compensated an individual victim.  Stated plainly, an insurance company is

_____

[*] Former Justice specially assigned to the Superior Court.

entitled to receive restitution only when it compensates a victim."

***Commonwealth v. Tanner***, 205 A.3d 388, 398 (Pa. Super. 2019). Notably,

> [i]t is the Commonwealth's burden of proving its entitlement to restitution. When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. The amount of the restitution award may not be excessive or speculative. It is well-settled that [a]lthough it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the full restitution be determined under the adversarial system with considerations of due process.

***Commonwealth v. Atanasio***, 997 A.2d 1181, 1183 (Pa. 2010) (citations and quotation marks omitted).

Here, I believe that the Commonwealth did not meet its burden of proving that an insurance company is entitled to restitution. At the sentencing hearing, the Commonwealth did not mention, let alone present, any evidence to demonstrate that the victim's "car suffered a total loss of $8,000, which the insurance company paid after the victim paid a $1,000 deductible." Commonwealth's Brief at 8-9 (citing N.T. Trial/Sentencing, 8/8/19, at 23). The Commonwealth and the Majority rely on the victim's testimony ***during trial*** that, "The insurance declared a total loss. They said my car was about $8[,]000." N.T. Trial/Sentencing at 23. However, the Commonwealth did not present the victim's testimony to the sentencing court, either by recalling him to the stand or by incorporating his trial testimony into the record. Indeed, the Commonwealth did not even call the court's attention to the victim's trial

testimony, or make any request for restitution for the full $8,000 loss that it now alleges the victim suffered. It also did not request that restitution be paid to the victim's insurance company, or present any proof of what amount, if any, the insurance company compensated the victim.

In my view, these failures by the Commonwealth make this matter distinguishable from the cases on which it relies. First, the Commonwealth cites **Commonwealth v. Stradley**, 50 A.3d 769, 774 (Pa. Super. 2012), to support its assertion that "[s]ection 1106 required the sentencing court to award the insurer full restitution, even in the absence of a specific request to do so by the Commonwealth." Commonwealth's Brief at 7 (citing **Stradley**, **supra**). I find the Commonwealth's argument unconvincing.

In **Stradley**, "[t]he parties agreed at sentencing that there was a claim of restitution from the victim in the amount of $7,900.00[,] **and that Allstate had paid the victim that amount to cover the property damage loss**." **Stradley**, 50 A.3d at 774 (emphasis added). Because the trial court had "simply ordered restitution of $7,900.00 and did not indicate who should receive payment," we vacated the judgment of sentence and remanded for an order of restitution to be paid to Allstate. **Id.** We reasoned that Stradley was obligated to "provide restitution to [the insurance company,] as reimbursement for payment made to the victim...." **Id.** Thus, although the Commonwealth did not specifically request restitution for the victim's insurance company, it informed the court of the full amount of loss the victim had suffered, and that the victim had been paid by the insurance company.

The Commonwealth also relies on **Tanner** and **Commonwealth v. Pleger**, 924 A.2d 715 (Pa. Super. 2007). In **Tanner**, the appellant was ordered to pay $330,000 in restitution to a local township. We vacated that sentence, reasoning that a government entity, such as a township, is not a "victim" under section 1106(c)(1)(i). We also *sua sponte* vacated Tanner's restitution sentence of $119,000, that was ordered to be paid to the township's insurance company. We reasoned that "an insurance company is entitled to receive restitution only when it compensates a victim[,]" and, because the township was not a victim as defined by the statute, the insurance company had not compensated a victim. **Tanner**, 205 A.3d at 398.

Finally, in **Pleger**,

[t]he Commonwealth requested that $3,440.00 in restitution be awarded to the victim who was injured during a vehicle accident caused by [Pleger's] drunk driving. Prior to [Pleger's] sentencing, the victim accepted a settlement from [Pleger], through his insurance carrier. At the sentencing hearing, the court found the victim signed a general release, relieving [Pleger] of all claims. With one exception [(specifically, $900 of medical bills the victim had paid out-of-pocket)], the trial court essentially reasoned that, because of the settlement and release, the court could not consider ordering restitution, specifically the $3,440.00.

**Pleger**, 934 A.2d at 719. On appeal, we vacated Pleger's sentence and remanded, concluding that the victim's signing the insurance company's release was irrelevant, as she had no power to release Pleger from a criminal sentence of restitution. **Id.** at 720-21. We remanded, directing the trial court "to consider fully **the request for restitution presented by the district attorney's office**, to evaluate that request in a manner consistent with 18

Pa.C.S.[] § 1106 and 42 Pa.C.S.[] § 9721(c), to arrive at the full amount of restitution due, and then to issue an appropriate order requiring full restitution as an aspect of [Pleger's] sentence." *Id.* at 721 (emphasis added).

It is clear that in **Stradley**, **Tanner**, and **Pleger**, the Commonwealth presented the sentencing court with information concerning the full amount of loss suffered by the victim, and notified the court that an insurance company had reimbursed some, or all, of the victim's losses. The circumstances of the present case are distinguishable. Here, the Commonwealth failed to inform the sentencing court of the full amount of restitution owed to the victim, which it now claims is $8,000. Moreover, aside from requesting that the victim be reimbursed $1,000 for his insurance deductible, the Commonwealth presented no information or evidence to demonstrate what amount, if any, the victim's insurance company paid to compensate the victim for his losses. Thus, the record before the sentencing court did not demonstrate that an insurance company is entitled to restitution under section 1106. Consequently, I discern no illegality in the court's failure to award such restitution.