J-S23045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
                                 :
           v.                      :
                                 :
                                 :
JORDAN ANDREW GEBHARD        :
                                 :
          Appellant           :    No. 119 EDA 2018

Appeal from the PCRA Order November 15, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0004143-2009

BEFORE:  SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED SEPTEMBER 24, 2018**

Appellant Jordan Andrew Gebhard appeals from the Order entered in the Court of Common Pleas of Northampton County on November 15, 2017, denying as untimely his first petition filed under the Post Conviction Relief Act (PCRA).[1]  For the following reasons, we affirm.

On January 14, 2010, Appellant entered a negotiated guilty plea to attempted rape of a child (F1), indecent assault of a person less than thirteen years of age (M1), and indecent exposure (M1).[2]  Pursuant to the plea, numerous other serious charges were withdrawn.  N.T. Guilty Plea, 1/14/10, at 12.  Appellant's plea arose following his contact with his eleven (11) year old stepsister between September and November of 2009, at which time

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 901, 3121(c); 3126(a)(7); 3127(a), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

Appellant exposed himself to the child, touched her vagina, and attempted to engage in sexual intercourse with her. *Id*. at 9-12.

On April 15, 2010, Appellant was sentenced to an aggregate term of seven and one-half (7 ½) years to forty (40) years in prison. Following a Megan's Law Assessment, he was not found to be a sexually violent predator. At the time Appellant pled guilty, as well as at the time of sentencing, the third iteration of Megan's Law (Megan's Law lll) was in effect, which required a ten–year registration period for a conviction under 18 Pa.C.S.A. § 3126 (relating to indecent assault) and a lifetime registration for convictions under 18 Pa.C.S.A. § 3121 (relating to rape). *See* 42 Pa.C.S.A. § 9795.1 (expired).[3] These registration requirements are marked as Applicable to Appellant's case on the signed, "Written Addendum to the Sentencing Colloquy Registration of Sexual Offenders" form. *See* Written Addendum to Sentencing Colloquy, dated 1/14/10, at 2.

_____

[3] In November 2004, the General Assembly enacted Megan's Law lll. On December 20, 2011, the General Assembly enacted the Sexual Offender Registration and Notification Act ("SORNA"), which is the fourth iteration of Megan's Law. SORNA took effect one year later on December 20, 2012. Under SORNA, the General Assembly required lifetime registration for individuals convicted of two or more offenses requiring 10–year registration. 42 Pa. C.S. § 9799.15(a)(3). SORNA is the sexual offender registration law currently in effect; its purpose was to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901 *et seq*.

Appellant did not file a post sentence motion or a direct appeal following the imposition of his sentence. Accordingly, his sentence became final on May 17, 2010. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review).[4]

On August 21, 2017, Appellant filed *pro se* a document titled "Motion to Modify Sentence Pursuant to 557 U.S. 2016 & 774 A.2d 1280." Therein, Appellant maintained his lifetime registration requirement under SORNA had been rendered illegal by the Pennsylvania Supreme Court's decision in ***Commonweath v. Muniz***, ___ Pa. _____, 164 A.3d 1189 (2017)(Opinion Announcing the Judgment of the Court), cert. denied, 138 S.Ct. 925 (Jan. 22, 2018).[5]

The PCRA court treated the Motion as Appellant's first PCRA petition and appointed counsel to represent him. On September 29, 2017, the PCRA court held a conference on the matter, and it heard argument from the parties on October 26, 2017, at which Appellant participated *via* video conferencing.

---

[4] The thirtieth day following the entry of the judgment of sentence, May 15, 2010, was a Saturday; therefore, Appellant had until the following Monday to file a timely notice of appeal. *See* 1 Pa.C.S.A. § 1908.

[5] On July 19, 2017, our Supreme Court filed its decision in ***Muniz*** holding that the enhanced registration requirements of SORNA are punitive and, therefore, applying SORNA retroactively is a violation of the *ex post facto* clauses of the U.S. Constitution and Pennsylvania Constitutions. ***Muniz*** at _____, 164 A.3d at 1223.

Thereafter, on November 15, 2017, the PCRA court entered its Order and Opinion denying Appellant's PCRA petition.

Appellant filed a timely appeal with this Court on December 8, 2017. On December 11, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied and filed his "Statement of Matters Complained of" on December 12, 2017.

In his brief, Appellant presents the following Statement of the Question Involved:

> Whether the PCRA [c]ourt erred and abused its discretion in denying Appellant's Motion to Modify Sentence, treated as a PCRA petition, for failing to address the merits of Appellant's claim since it had the jurisdiction to vacate the SORNA lifetime registration and to resentence him to a 10 year registration upon his release from prison since it never relinquishes its jurisdiction to correct an illegal sentence?

Brief for Appellant at 3.

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa.Super. 2012) (citation omitted). In addition, it is well-established that the PCRA subsumes all common law remedies for collateral relief, and challenges to the legality of one's sentence are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9542; **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super. 1997); therefore,

we find that the PCRA court properly treated Appellant's Motion to Modify Sentence as a PCRA petition.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. *Commonwealth v. Robinson*, 635 Pa. 592, 603, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013). This is true

even where, as herein, the appellant challenges the legality of his sentence. 42 Pa.C.S.A. § 9545(b); **Commonwealth v. Fahy**, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (holding "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); thus, this Court is without jurisdiction to consider the legality of sentence claim Appellant raises herein unless he can satisfy one of the timeliness exceptions to the PCRA time-bar.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, as stated previously Appellant's judgment of sentence became final on May 17, 2010. As such, a timely PCRA petition had to be filed by May 17, 2011; therefore, the instant PCRA petition filed over six years later on August 21, 2017, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Appellant concedes his Motion to Modify sentence was filed untimely and properly treated as a PCRA petition. *See* Brief of Appellant at 8. Nevertheless, he does not allege specifically that he satisfies any exception to the PCRA time-bar. Rather, Appellant simply posits that "the PCRA [c]ourt erred and abused its discretion in denying his Motion to Modify Sentence treated as a PCRA petition for failing to address the merits of Appellant's claim since it had jurisdiction to vacate the SORNA lifetime registration and to resentence him to a 10 year registration upon his release from prison since it never relinquishes jurisdiction to correct an illegal sentence." *Id*. at 7 (citing ***Commonweallth v. Vasquez***, 744 A.2d 1280, 1284 (Pa. 2000)). This is incorrect, for as we have already explained, although the legality of one's sentence is always subject to review within the PCRA, claims still must first

- 7 -

satisfy the PCRA's time limits or one of the exceptions thereto." ***See*** 42 Pa.C.S.A. § 9545(b); ***Fahy***, ***supra***, 558 Pa. at 330-31, 737 A.2d at 223.

To the extent that in setting forth his claim Appellant attempts to satisfy the timeliness exception of Section 9545(b)(1)(iii), by arguing that a lifetime registration requirement imposed upon him pursuant to SORNA is unconstitutional under ***Muniz***,[6] because Appellant's PCRA petition is untimely, ***see*** *infra*, he was required to demonstrate that ***Muniz*** applies retroactively in order to satisfy the exception to the PCRA one-year time bar at section 9545(b)(1)(iii). ***See Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002); ***Commonwealth v. Olson***, 2018 WL 847859, at *4 (Pa.Super. Feb. 14, 2018) (stating that new rule of law does not automatically render illegal a final pre-existing sentence).

However, in light of this Court's recent holding in ***Commonwealth v. Murphy***, 2018 WL 947156 (Pa.Super. Feb. 20, 2018) Appellant's reliance on ***Muniz*** cannot satisfy the "new retroactive right" exception of Section 9545(b)(1)(ii). As we stated in ***Murphy***:

> we acknowledge that this Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera–Figueroa***, 174 A.3d 674, 678 (Pa.Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera– Figueroa***), he must demonstrate that the Pennsylvania Supreme

---

[6] The ***Muniz*** decision was filed on July 19, 2017, and Appellant filed the instant PCRA petition on August 21, 2017, thereby satisfying the requirement that his petition invoking the exception must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Court has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). **See Abdul–Salaam, supra**. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception.

**Id**. at *3.  Once again, our Supreme Court has not issued such a holding at this time.

Moreover, instructive herein is **Commonwealth v. Hilliard**, 2018 WL 1062414 at *4 (Pa.Super. Feb. 27, 2018) (unpublished memorandum), *appeal denied*, 189 A.3d 989 (Pa. July 29, 2018).  There, this Court held **Muniz** was inapplicable where the appellant had failed to challenge a specific portion of his sentence imposed under the then-extant Megan's Law, had not been designated as an SVP at sentencing, his sentence predated SORNA, and SORNA did not affect his lifetime registration requirement under Megan's Law. Similarly, Appellant herein does not challenge specifically any portion of his sentence imposed under the then-extant Megan's Law.  Indeed, Appellant was not designated as an SVP at sentencing.  **See** Sentence Sheet, 4/15/10, at 1 "General Remarks."   In addition, his sentence predated SORNA, and Appellant's argument to the contrary, it appears that SORNA did not affect his lifetime registration requirement under then-extant Megan's Law. Thus, **Muniz** does not apply here.

In light of the foregoing, Appellant has filed a facially untimely PCRA petition and has failed to plead and prove the applicability of any exception to the PCRA time-bar.  We, therefore, affirm the PCRA court's Order.

Order affirmed.

Judge Nichols joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/24/18</u>