J-S55040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS T. KRUGE | : | No. 484 WDA 2020 |

Appeal from the Order Entered February 27, 2020
In the Court of Common Pleas of Blair County Criminal Division
at No(s): CP-07-CR-0001052-2015

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED FEBRUARY 19, 2021**

The Commonwealth appeals from the order entered in the Blair County Court of Common Pleas, granting the Post Conviction Relief Act[1] (PCRA) petition of Nicholas T. Kruge (Appellee).  The Commonwealth avers the PCRA court erred in: (1) finding Appellee's trial counsel was ineffective for failing to advise him, during plea negotiations, of Appellee's exposure to a mandatory minimum sentence; and (2) granting relief in the form of vacating Appellee's conspiracy and robbery convictions.[2]  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 903, 3701(a)(1)(ii).

## I. Facts & Procedural History

On March 28, 2015, Appellee entered a convenience store, with his face covered, pointed a handgun at the cashier, and demanded money. N.T. Trial, 12/7/16, at 24, 26-28. After the cashier gave Appellee money, a customer entered the store. *Id.* at 31. Appellee turned around, pointed the gun at her, and directed her to walk toward him. *Id.* While Appellee's attention was focused on the customer, the cashier called 911. *Id.* at 34. Appellee asked the cashier "what the hell [he was] doing," walked toward the cashier, "point[ed] the gun again," and demanded more money. *Id.* at 35-36. The cashier was still holding the phone and told Appellee he "was on the phone with the police." *Id.* at 37. Appellee then exited the store and left in a car with another male.[3] *Id.* at 38-39.

Appellant was charged for the above offenses. In the underlying PCRA proceedings, both Appellee and the Commonwealth

> agree that [during plea negotiations,] the "last best" plea offer extended . . . prior to trial was 3 to 10 years. Both parties agree that there was never any discussion until the date of sentencing that if convicted, [Appellee] was facing a mandatory sentencing enhancement of 10 years due to a prior crime of violence. This fact was unknown to the Commonwealth, [Trial Counsel, and Appellee] until the date of sentencing, when the Commonwealth filed its Notice of Intent to Seek a Mandatory Sentence.

PCRA Ct. Op., 11/1/19, at 4. Appellant decided to proceed to trial instead. *See id.* at 18.

---

[3] The other male, Lance Phillips, was also charged.

On December 8, 2016, following a jury trial, Appellee was found guilty of one count each of conspiracy to commit robbery, robbery/threatens another with or intentionally puts him in fear of immediate serious bodily injury, theft by unlawful taking, and receiving stolen property.[4]  Appellee was also found guilty of two counts each of simple assault and terroristic threats.[5]

On February 23, 2017, the trial court imposed an aggregate sentence of 15 to 30 years' imprisonment.[6]  This sentence included a mandatory 10-year sentencing enhancement, imposed because Appellee had a prior conviction of a crime of violence.  **See** 42 Pa.C.S. § 9714(a) (any person convicted "of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement").[7]  At trial

---

[4] 18 Pa.C.S. §§ 3921(a)(1), 3925.

[5] 18 Pa.C.S. §§ 2701(a)(3), 2706(a)(1).

[6] Specifically, the trial court sentenced Appellee to: (1) concurrent terms of 10 to 20 years' imprisonment for robbery and conspiracy; (2) two terms of one to two years' imprisonment for the two counts of simple assault, to run consecutively; and (3) two terms of 1.5 to three years' imprisonment for the two counts of terroristic threats, likewise to run consecutively.  Order, 2/23/17, at 1-5.  The sentences for theft by unlawful taking and receiving stolen property merged with robbery.  **Id.** at 5.

[7] Section 9714(a) has been upheld as constitutional against **Alleyne v. United States**, 570 U.S. 99 (2013).  **Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015).  **See also Commonwealth v. Bragg**, 133 A.3d 328, 332-33 (Pa. Super. 2016) (**Alleyne** "established that '[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.'  However, the [United

and sentencing, Appellee was represented by Mark Zearfaus, Esquire (Trial Counsel).

Appellee filed a direct appeal, but subsequently filed an application to withdraw the appeal, explaining he wished instead to bring an ineffective assistance claim against Trial Counsel. Appellee's Motion to Withdraw Appeal, 10/12/17, at 1, 457 WDA 2017. This Court granted the withdrawal on November 8, 2017. *See Commonwealth v. Kruge*, 457 WDA 2017 (order) (Pa. Super. Nov. 8, 2017).

On December 26, 2017, Appellee filed a first, *pro se*, timely PCRA petition alleging, *inter alia*, ineffective assistance of Trial Counsel for failing to inform him "about a mandatory minimum sentence should he be convicted at trial and not take a plea [sic]." Appellee's Motion for Post Conviction Relief from Sentence, 12/26/17, at 5. . On January 9, 2018, the PCRA court appointed current counsel, Paul Puskar, Esquire, to represent Appellee.[8]

On October 18, 2018, the PCRA court held an evidentiary hearing, at which Appellee testified. The court summarized Appellee's claim and testimony:

> [T]he sole issue to be addressed is whether [Trial Counsel] rendered ineffective assistance of counsel in failing to advise [Appellee] of the mandatory sentencing enhancement under 42 Pa.C.S.[ ] § 9714(a)(1) during plea negotiations and prior to trial[.

States] Supreme Court has recognized a narrow exception to this rule for **prior convictions**.").

[8] Attorney Puskar did not file an amended PCRA petition.

- 4 -

N.T., 10/18/18, at 5.]  There are several facts that are not in dispute.  Both the Commonwealth and [Appellee] agree that the "last best" plea offer extended to [Appellee] prior to trial was 3 to 10 years.  Both parties agree that there was never any discussion until the date of sentencing that if convicted, [Appellee] was facing a mandatory sentencing enhancement of 10 years due to a prior crime of violence.  This fact was unknown to the Commonwealth, [Trial Counsel, and Appellee] until the day of sentencing, when the Commonwealth filed its Notice of Intent to Seek a Mandatory Sentence.

During his testimony, [Appellee] confirmed that the last plea offer was 3 to 10 years.  [*Id.* at 6.]  He indicated that [Trial Counsel] never discussed with him the mandatory sentencing enhancement and that "[t]he first I heard about it was the morning of sentencing as I was coming upstairs to be sentenced." [*Id.* at 7.  Appellee] noted that at the time of sentencing, he brought it to the court's attention that he had just learned of the mandatory sentence and [Trial Counsel] admitted that he was unaware of the mandatory enhancement until that morning.  [*Id.* at 8.  Appellee] indicated that had he known of the 10-year mandatory sentencing enhancement, he "absolutely would have accepted the plea offer" of 3 to 10 years[.  *Id.* at 7-8.  T]he specific relief he is seeking through his PCRA Petition is vacating his 15 to 30-year sentence and imposition of the 3 to 10-year sentence.  [*Id.* at 10-11.]

[Appellee] acknowledged that he discussed with [Trial C]ounsel the different charges he was facing and the possible sentences for those charges.  [Appellee] was originally represented by Attorney Julia Burke of the Blair County Public Defender's Office.  . . .  The original plea offer of 3½ to 20 years was offered at a time when [Appellee] had agreed to cooperate with the Commonwealth and testified for the Commonwealth during the preliminary hearing of his co-defendant.  [*Id.* at 26-27.] . . .

PCRA Ct. Op., 11/1/19, at 4-5.

The PCRA court then conducted a second evidentiary hearing, on August

8, 2019, at which Trial Counsel testified:

> [Trial counsel] admitted that he never told [Appellee] of the 10-year mandatory sentencing enhancement, as he was not aware of same until the day of sentencing, when he received the Notice from the Commonwealth. [N.T., 8/8/19, at 5. Trial Counsel] reviewed the sentencing guidelines with [Appellee] prior to trial. . . .

PCRA Ct. Op., 11/1/19, at 6.

On November 1, 2019, the PCRA court entered an opinion and order granting Appellee's petition. The court extensively considered **Lafler v. Cooper**, 566 U.S. 156 (2012), and **Commonwealth v. Steckley**, 128 A.3d 826 (Pa. Super. 2015) (both cases discussed **infra**), and concluded Trial Counsel "rendered ineffective assistance of counsel in failing to specifically advise [Appellee] of the 10-year mandatory sentencing enhancement." PCRA Ct. Op., 11/1/19, at 9-16, 25-26. The court thus granted Appellee's PCRA petition and directed a resentencing hearing to be scheduled. The court specified its "intention [was] to impose a 3 to 10 year sentence upon [Appellee], consistent with his last plea offer." Order, 11/1/19.

The Commonwealth filed a motion for reconsideration, arguing the PCRA court erred in finding Trial Counsel was ineffective. The court granted the petition and heard oral argument on February 20, 2020. On February 27th, the court reinstated its decision to grant Appellee's PCRA petition, and furthermore vacated his robbery and conspiracy convictions. The court reasoned that so long as Appellee's robbery and conspiracy convictions stood, the court was bound to impose the Section 9714(a) mandatory 10-year

sentence, and thus was proscribed from imposing the intended, lesser sentence of 3 to 10-years. PCRA Ct. Supp. Op. & Order, 2/27/20, at 4.

On March 26, 2020, the Commonwealth filed this timely appeal, and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

The Commonwealth presents the following issues for our review:

1. Did the Court err[ ] in finding [Appellee's Trial] Counsel ineffective for not advising his client of the mandatories where [Appellee] was advised of his sentencing exposure and stated on record that he believed he would receive a more significant sentence then imposed by the Court?

2. Did the Court lack jurisdiction in vacating the jury verdicts of guilty for Robbery and Conspiracy Robbery?

Commonwealth's Brief at 4.

## II. Ineffective Assistance of Counsel

In its first issue, the Commonwealth contends the PCRA court erred in finding Trial Counsel rendered ineffective assistance for not advising Appellee of the Section 9714(a) mandatory sentence. The Commonwealth maintains Trial Counsel advised Appellee "of his sentencing exposure and stated on the record that [Trial Counsel] believed [Appellee] would receive a more significant sentence [than] imposed by the" trial court. Commonwealth's Brief at 9. The Commonwealth also cites Appellee's testimony, at trial, that "he knew from speaking with his attorney(s) that he would receive even a greater

sentence than that which he received if he lost at trial."[9] *Id.*, *citing* N.T. Trial, 12/8/16, at 38. The Commonwealth also maintains that the evidence of record supports a finding that Appellee "is not credible and certainly that the evidence contradicts [his] assertion that he would have taken the plea if he knew about the mandatories." Commonwealth's Brief at 11.

We note the relevant standard of review:

> This Court reviews the PCRA court's findings of fact to determine whether they are supported by the record. We review the PCRA court's conclusions of law to determine whether they are free from error. Our scope of review is limited to "the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party."

*Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (citations omitted). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa.Super.2011).

This Court has stated:

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

---

[9] At trial, on direct examination, Appellee was asked why, at co-conspirator Lance Phillip's preliminary hearing, Appellee testified he participated in the robbery. N.T., 12/8/16, at 38. Appellee responded in part, "They just wanted it to be me so bad that I knew listen [sic], if I go to trial and lose they kept telling me twenty years, thirty years, forty years." *Id.*

Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Steckley*, 128 A.3d at 831 (citations omitted).

[A] post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:

[B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 832, *quoting* ***Lafler***, 566 U.S. at 164.

The PCRA court and both parties extensively discuss ***Steckley***. ***See*** PCRA Ct. Supp. Op. & Order, 2/27/20, at 7; PCRA Ct. Op., 11/1/19, at 12-15; Commonwealth's Brief at 9-11, 15-17, 26; Appellee's Brief at 7-8. In that case, defense counsel did not inform the defendant, Steckley — during plea negotiations for a lesser sentence — that the Commonwealth could seek a 25-year mandatory minimum sentence.[10] ***Steckley***, 128 A.3d at 830. Steckley was found guilty by a jury of child pornography and received a sentence of 25 to 50 years' imprisonment. ***Id.*** at 829. Steckley subsequently filed a PCRA

---

[10] The mandatory sentence arose under 42 Pa.C.S. § 9718.2 for repeat sexual offenders. ***Steckley***, 128 A.3d at 829.

petition, alleging counsel was ineffective for "failing to inform him of the potential that the Commonwealth would seek imposition of a [25] year mandatory minimum sentence." *Id.* at 830. The PCRA court agreed, finding it was "reasonably probable that Steckley would have accepted the plea offer" and furthermore, "Steckley demonstrated a reasonable probability that, had he accepted the Commonwealth's plea offer, the court would have imposed a sentence less severe than the one he received following trial." *Id.* at 834-35.

This Court found Steckley satisfied all of the prongs of the *Lafler* test:

> Steckley was not required to prove that trial counsel's deficient conduct caused a worse result for him. A "reasonable probability" is sufficient. *See Lafler*, [566 U.S. at 164.] In granting Steckley post-conviction relief, the PCRA court found reasonably probable Steckley's contention that he would have accepted the Commonwealth's plea offer without either the Commonwealth withdrawing it or the trial court rejecting it. Because the certified record supports those findings, we may not disturb them on appeal.

*Steckley*, 128 A.3d at 836.

In the instant case, after a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned analysis of the Honorable Timothy M. Sullivan, we conclude the Commonwealth's first issue merits no relief. The court found some of Appellee's PCRA hearing testimony not credible — specifically, Appellee's denial that Trial Counsel had reviewed the sentencing guidelines with him, and Appellee's testimony that it was not his decision to go to trial. PCRA Ct. Op., 11/1/19, at 17-18. Nevertheless, the court found, as stated above, that "it is clear [Appellee] was never specifically

advised of the 10 year mandatory sentencing enhancement due to a prior crime of violence." PCRA Ct. Op., 11/1/19, at 9. The court further found, pursuant to **Lafler** and **Steckley**: (1) Appellee established "that but for the ineffective advice of [Trial C]ounsel, there is a reasonable probability that he would have accepted the plea;" (2) the trial court would have accepted the terms of the plea agreement and sentenced Appellee accordingly; and (3) "there can be no dispute that the plea offer's terms of 3 to 10 years is much less severe than the 15 to 30 year sentence that was, in fact, imposed." **Id.** at 24-25. The court thus concluded Appellee established Trial Counsel's ineffective assistance where:

> [Appellee's] underlying claim has arguable merit[. T]here was no reasonable basis for [T]rial [C]ounsel not to inform [Apellee] of the mandatory sentencing enhancement if convicted[. Appellee] has suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absence such error.

**Id.** at 26.

As Appellee prevailed in the underlying PCRA proceedings, we review the evidence on the record and the court's findings in the light most favorable to him. **See Sam**, 952 A.2d at 573. While the Commonwealth emphasizes Appellee was advised of potential maximum sentences that exceeded 10 years anyway, we conclude the PCRA court's findings of fact — after weighing the witnesses' credibility — are supported by the record, and the conclusions of law are free from error. **See id.** We thus decline to disturb the court's finding as to Trial Counsel's ineffectiveness.

### III. Vacating Robbery & Conspiracy Convictions

The Commonwealth's second issue on appeal, articulated in both its statement of questions involved and in the relevant heading in the argument section of its brief, is: "Did the [PCRA] Court lack jurisdiction in vacating the jury verdicts of guilty for Robbery and Conspiracy Robbery?" Commonwealth's Brief at 4, 28. The Commonwealth's entire supporting discussion is one paragraph:

> Upon further review, the case law does provide jurisdiction for the Trial Court to vacate convictions as one of the remedies for PCRA cases. **The Commonwealth relies on its first issue as to there being no ineffectiveness of counsel** or in the alternative the Trial Court committing error in its remedy in this case based on the totality of the evidence.

*Id.* at 28 (emphasis added).

While the Commonwealth's supposed challenge, and immediate concession, to the PCRA court's jurisdiction may be inartful, we note that in its first issue, the Commonwealth also challenged the PCRA court's decision to vacate the robbery and conspiracy convictions. The Commonwealth claimed: (1) the PCRA court's vacating Appellee's robbery and conspiracy convictions "does not fit the remedy scheme set forth in *Lafler*;" (2) "Vacating these charges takes away the most significant counts of violent crimes [Appellee] committed against the victims;" and (3) "Ordering the original plea offer be reinstated as an alternative is also inappropriate as this is a direct windfall to" Appellee. Commonwealth's Brief at 24. We remind the Commonwealth the argument section of a brief shall present "such discussion and citation of

authorities as are deemed pertinent" for each issue. *See* Pa.R.A.P. 2119(a). Nevertheless, because we may discern the Commonwealth's arguments, we decline to find waiver. *See Commonwealth v. Stradley*, 50 A.3d 769, 771 n.2 (Pa. Super. 2012) ("While we could find Appellant's issues waived [for the failure to include a separate recitation of his issues, in violation of Pa.R.A.P. 2116,] we will overlook the defect because Appellant has raised the questions involved in the argument section of his brief, and this omission does not impede our ability to address the merits of those issues.").

After finding Appellee is entitled to relief on his ineffectiveness claim, the PCRA court reviewed the possible remedies, against the framework set forth by the United States Supreme Court in *Lafler*:

> Sixth Amendment remedies should be "tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." Thus, a remedy must "neutralize the taint" of a constitutional violation, while at the same time **not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution[.]**

*See Lafler*, 566 U.S. at 170 (emphasis added); PCRA Ct. Supp. Op. & Order, 2/27/20, at 3.

The PCRA court first considered the option of affirming all the convictions and simply resentencing Appellee "without application of the 10 year sentencing enhancement" required by Section 9714(a). PCRA Ct. Supp. Op. & Order, 2/27/20, at 3. The court, however, properly observed this sentencing enhancement was mandatory, and thus, so long as the convictions stood, the

court could not "ignore" it. ***Id.*** at 4. ***See*** 42 Pa.C.S. § 9714(a) (any person convicted of a second "crime of violence" shall be sentenced to a minimum sentence of ten years' confinement), (e) (there shall be no authority to impose any lesser sentence than provided for in subsection (a)).

Next, the PCRA court found "the **reversal** of [Appellee's] conviction[s] is not the appropriate remedy," where "providing [him] a new trial would give him an opportunity to obtain . . . an acquittal on the more serious offenses, a remedy that would be disproportionate so far as [Appellee] has not pleaded nor proved any irregularity [in] the jury's verdict of guilty." PCRA Ct. Supp. Op. & Order, 2/27/20, at 6-7 (emphasis added).

The court then considered the discussion in ***Lafler***, that "if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice. In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to **require the prosecution to reoffer the plea proposal**." ***See Lafler***, 566 U.S. at 171 (emphasis added); PCRA Ct. Supp. Op. & Order, 2/27/20, at 4.

The PCRA court further considered ***Steckley***, in which, as stated above, the PCRA court in that case found meritorious Steckley's claim of ineffective assistance of counsel. ***See Steckley***, 128 A.3d at 834-35. The ***Steckley*** PCRA court then granted relief in the form of vacating Steckley's convictions "and relisting his cases for trial." ***Id.*** at 830. The Commonwealth appealed to this Court, which affirmed the finding of ineffective assistance of counsel

but, pursuant to *Lafler*, determined the PCRA court erred in awarding

Steckley a new trial:

> [T]he prejudice Steckley suffered — a sentence substantially longer than the one offered under the imprudently rejected plea offer — might remain after one retrial or even after ten retrials. . . . On the other hand, a new trial gives Steckley another opportunity to obtain an acquittal, a remedy that would be disproportionate insofar as Steckley has neither pleaded nor proved any irregularity in the jury's guilty verdict.
>
> The PCRA court's remedy [also] risks "grant[ing Steckley] a windfall."

*Steckley*, 128 A.3d at 837. This Court thus held:

> Because the court's sentencing discretion is confined by a mandatory minimum sentence, the only logical remedy to neutralize Steckley's constitutional injury is "to require the prosecution to reoffer the plea proposal." Accordingly, we reverse the PCRA court's order to the extent that it awarded Steckley a new trial, and we remand this case to the PCRA court with instructions to resentence Steckley according to the plea bargain that he previously rejected due to his attorney's deficient performance.

*Id.* at 837-38.

Here, the PCRA court applied the disposition of *Steckley* squarely to the

facts before it. The court vacated Appellee's robbery and conspiracy

convictions, a remedy it found would "address[ ] the deprivation of

[Appellee's] Sixth Amendment rights." PCRA Ct. Supp. Op., 2/27/20, at 7.

However, the court did not disturb Appellee's remaining convictions —two

counts each of simple assault and terroristic threats, and one count each of

theft by unlawful taking and receiving stolen property — as "[t]here are no

constitutional concerns relative to [those] jury verdicts" or to counsel's

explanation of their potential sentences. *Id.* at 8. Although the PCRA court vacated the two convictions, it further explained: "We will schedule the matter for a further sentencing hearing. . . . We believe that this remedy represents a balancing of the Commonwealth's interest in maintaining the integrity of the jury verdict with [Appellee's] interests based upon the injury he suffered as a result of the constitutional violation." *Id.* at 7-8.

After careful review of *Lafler*, *Steckley*, and the PCRA court's thorough discussion, we affirm the decision to vacate the two convictions (robbery and conspiracy) affected by Trial Counsel's ineffectiveness. We emphasize — as did the PCRA court — that affirming the convictions and simply resentencing Appellee to a shorter term is not permissible under Section 9714(a). Furthermore, the PCRA court is not **reversing** the two convictions, nor vacating them for a new trial, as such a remedy may ultimately create a windfall to Appellee. Instead, as the court reasoned, the vacating is necessary to reach the ultimate relief intended: resentencing. We thus affirm the court's order to schedule a resentencing hearing, so that it may impose a new sentence of three to 10 years' imprisonment, in accordance with "the plea bargain that [Appellee] previously rejected due to his attorney's deficient performance." *See Steckley*, 128 A.3d at 838.

**IV. Conclusion**

For the foregoing reasons, we affirm the order of the PCRA court granting Appellee's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2021