J-S16021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND SHORTER | : | |
| | : | |
| APPELLANT | : | No. 896 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 4, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006293-2016

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 13, 2021**

Raymond Shorter appeals from the judgment of sentence entered following his guilty plea to three violations of the Uniform Firearms Act. Shorter's counsel has filed an **Anders**[1] brief and a petition to withdraw as counsel, and Shorter has filed a *pro se* response. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Shorter entered an open guilty plea on May 11, 2017, to Persons Not to Possess Firearms, Firearms Not to Be Carried Without License, and Carrying Firearms on Public Streets or Public Property in Philadelphia.[2] Sentencing was

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa.C.S.A. §§ 6105, 6106, and 6108, respectively.

held on October 4, 2017. Prior to sentencing, Shorter filed a motion to withdraw his guilty plea. However, at the start of the sentencing hearing, Shorter's counsel, in the presence of Shorter, withdrew the motion to withdraw Shorter's guilty plea. Shorter did not oppose going forward with sentencing at that time. The court then sentenced Shorter to an aggregate term of three to six years' incarceration, followed by five years' probation.

Shorter did not file a direct appeal at that time. However, following Post-Conviction Relief Act ("PCRA")[3] proceedings, the trial court reinstated Shorter's direct appellate rights. This timely appeal followed.

Counsel's **Anders** brief identifies two potential issues: (1) whether Shorter's guilty plea was entered into knowingly, voluntarily and intelligently and (2) whether the court abused its discretion in imposing Shorter's sentence. Shorter's *pro se* response to counsel's **Anders** brief raises three additional claims: (1) that the sentencing court failed to give him an oral plea colloquy, (2) the court sentenced him after granting his motion to withdraw his guilty plea, and (3) the court erred when it denied his pre-trial motion to suppress.[4]

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] Shorter also filed a *pro se* motion requesting that the Commonwealth's brief be stricken for failure to file a timely brief, even after extensions were granted by this Court. Although the Commonwealth did indeed file its brief late, which this Court does not condone, we decline to strike the brief because Shorter has not identified any prejudice and we perceive none, since we would reach the same result even in the complete absence of the Commonwealth's brief.

Before reviewing counsel's **Anders** brief and Shorter's response, we must first determine whether counsel has satisfied the necessary requirements for withdrawing as counsel. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). In order to withdraw pursuant to **Anders**, counsel must: 1) petition the court for leave to withdraw stating that, after a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the client; and 3) advise the client that he or she has the right to retain other counsel or proceed *pro se*. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Further, in the **Anders** brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an

independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 355 n.5 (quoting ***Commonwealth v. McClendon***, 434 A.2d 1185, 1187 (Pa. 1981)).

Here, we find that counsel has complied with all of the above requirements. In his ***Anders*** brief, counsel has provided a summary of the procedural and factual history of the case with citations to the record. Further, counsel's brief identifies two issues that could arguably support the appeal, as well as counsel's assessment of why the appeal is frivolous, with controlling case law and citations to the record. Additionally, counsel served Shorter with a copy of the ***Anders*** brief and advised him of his right to proceed *pro se* or to retain a private attorney to raise any additional points he deemed worthy of this Court's review. Petition to Withdraw, 11/6/20, at ¶ 4. As counsel has met the requirements of ***Anders*** and ***Santiago***, we will proceed to the issues counsel has identified.

The first issue presented in counsel's ***Anders*** brief is whether Shorter's guilty plea was knowing, intelligent, and voluntary. To be valid, a guilty plea must be all three. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). The court therefore must conduct an on-the-record inquiry to determine whether the plea is voluntarily and knowingly tendered. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590(a)). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the

right to a jury trial; (4) the presumption of innocence; (5) the permissible ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement unless it accepts it. ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa.Super. 2016). There is a presumption that a plea was knowing, intelligent, and voluntary, and the defendant bears the burden of proving otherwise. ***Pollard***, 832 A.2d at 523.

In deciding whether a guilty plea was knowing, intelligent, and voluntary, a court should consider the totality of the circumstances surrounding the entry of the plea. ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999). Further, a defendant who elects to plead guilty is required to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. ***Pollard***, 832 A.2d at 523.

Here, the record contains both a written and oral colloquy, wherein Shorter acknowledged that it was his signature on the written colloquy and that he understood he did not have to plead guilty, he had the right to a jury trial, the Commonwealth bore the burden at trial of proving guilt beyond a reasonable doubt, and his decision to plead guilty was not the result of any coercion or promises. N.T. Guilty Plea, 5/11/17, at 5-11. The court also explained the nature of the charges to which Shorter was pleading guilty, the factual basis for the plea, and his potential range of sentence and fines. ***Id.*** at 6, 8, 12-13.

The court thus made the requisite inquiries and the record provides no basis for concluding that Shorter's guilty plea was not knowing, intelligent, and voluntary. Accordingly, Shorter's claim that his plea was defective is frivolous.

The second issue presented in counsel's *Anders* brief is whether the court abused its discretion in imposing Shorter's sentence. This is a challenge to the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019); *see also* Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Shorter's counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his *Anders* brief. However, "[w]here counsel files an *Anders*

brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [an a]ppellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa.Super. 2015) (internal citations omitted).

Nevertheless, Shorter's claim fails because he did not preserve this issue. "[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings" or they are waived. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003). Since Shorter did not raise the issue in a post-sentence motion or at sentencing, this claim is waived. Accordingly, this challenge to the discretionary aspects of Shorter's sentence would be frivolous.

We now turn to the issues raised in Shorter's *pro se* response to counsel's **Anders** brief.[5] Shorter first contends that the court erred when it failed to give an oral on-the-record colloquy of his open plea. The record belies this claim. As previously noted, the court gave Shorter an oral colloquy at his plea hearing. **See** N.T. Guilty Plea, at 5-11. There was no defect in the oral colloquy. Therefore, this claim is without merit.

---

[5] **See Commonwealth v. Baney**, 860 A.2d 127, 129 (Pa.Super. 2004) (explaining that after reviewing the issues raised in an **Anders** brief, this Court shall then consider the merits of the issues raised in a *pro se* brief if one is filed within a reasonable amount of time).

Shorter next contends that the court erred when it sentenced him after granting his motion to withdraw his guilty plea. Again, the record contradicts Shorter's assertion. Although Shorter filed a motion to withdraw his guilty plea, his counsel withdrew that motion in open court, in Shorter's presence and without any objection from Shorter, at the sentencing hearing. **See** N.T. Sentencing, at 3-4. Thus, Shorter's claim that the court granted his motion to withdraw his guilty plea is false.[6]

Shorter's final issue is that the court erred when it denied his pre-trial motion to suppress. This claim is without merit. Barring a conditional plea agreement,[7] a guilty plea "waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa.Super. 2012). Here, as part of his agreement to plead guilty, Shorter agreed to forego the right to file any pre-trial motions and defenses. **See** N.T. Guilty Plea, at 7; Written Guilty Plea Colloquy, at 2. He also gave up the right to appeal any decisions that were already made on pre-trial motions in his case, including his motion to suppress. **See** Written Guilty Plea Colloquy,

---

[6] The lower court's docket reflects that Shorter's motion to withdraw his guilty plea was granted on October 4, 2017. However, in its Pa.R.A.P. 1925(a) opinion, the court stated that the motion was "inadvertently granted" before the motion was withdrawn. Trial Court Opinion, 7/28/20, at 1. This is consistent with the sentencing hearing transcript in which counsel expressly withdrew the motion and then proceeded to participate in the sentencing hearing with Shorter present.

[7] **See Commonwealth v. Singleton**, 169 A.3d 79 (Pa.Super. 2017).

at 2. Accordingly, we conclude that Shorter waived this issue by entering his guilty plea.

In short, we find that the issues raised in counsel's **Anders** brief and Shorter's *pro se* brief are wholly frivolous. Further, after an independent review of the record, we conclude that no other, non-frivolous issue exists. Therefore, we grant counsel's petition to withdraw. Having determined that the appeal is wholly frivolous, we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021