J-S13010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TRAVIS PERRY :
:
Appellant : No. 1683 EDA 2020

Appeal from the Judgment of Sentence Entered August 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004631-2014

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 16, 2021**

Appellant, Travis Perry, appeals from the judgment of sentence entered on August 1, 2017. On this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

_____

* Retired Senior Judge assigned to the Superior Court.

On April 25, 2017, Appellant entered an open guilty plea to aggravated indecent assault and sexual assault.[1]  During the hearing, the Commonwealth recited the factual basis for Appellant's plea:

> [At approximately 11:00 p.m. on March 26, 2017, the 18-year-old victim was] at her mother's [Philadelphia] house[, in bed,] when [Appellant] came into the bed.  He did digitally penetrate [her] vagina with his finger without her consent, and [Appellant] also penetrated her vagina with his penis without her consent. The [victim] did disclose the acts to her mother . . . as well as [her] aunt.  . . .

N.T. Guilty Plea Hearing, 4/25/17, at 10.

The trial court accepted Appellant's plea and, on August 1, 2017, the trial court sentenced Appellant to serve a term of five to ten years in prison for his aggravated indecent assault conviction, followed by ten years of probation for his sexual assault conviction.  N.T. Sentencing Hearing, 8/1/17, at 15.  Appellant did not file a post-sentence motion.

Following the *nunc pro tunc* reinstatement of Appellant's direct appellate rights, Appellant filed a timely notice of appeal.  On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an ***Anders*** brief.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel.  ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

---

[1] 18 Pa.C.S.A. §§ 3125(a)(1) and 3124.1, respectively.

- 2 -

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the **Anders** brief:

> Did not the lower court err and/or abuse its discretion in accepting Appellant's guilty plea and sentencing him to an aggregate five to ten years of incarceration to be followed by ten years of reporting probation?

Appellant's Brief at 3.

Within his brief, Appellant sets forth three subclaims that arguably support his appeal: 1) the trial court did not have jurisdiction over his case; 2) his sentence is illegal; 3) and, his plea was not knowingly and voluntarily tendered. **See id.** at 19; **see also Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa. Super. 2012) ("when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the

plea, the jurisdiction of the trial court, and the legality of the sentence imposed"). These claims are frivolous.

First, Appellant claims that the trial court did not have jurisdiction over his case. Appellant's Brief at 19. However, the trial court had jurisdiction over Appellant's criminal case, as the offenses occurred in Philadelphia, Appellant received formal notice of the crimes charged, and the Court of Common Pleas of Philadelphia County possesses "statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007) (noting there are "two requirements for subject matter jurisdiction as it relates to criminal defendants: the competency of the court to hear the case, and the provision of formal notice to the defendant of the crimes charged") and 210 ("the courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code"). Therefore, Appellant's claim is frivolous.

Second, Appellant claims that his sentence is illegal. Appellant's Brief at 19. This claim is frivolous because the trial court sentenced Appellant to a term of five to ten years in prison for his aggravated indecent assault conviction and a term of ten years of probation for his sexual assault conviction. As both crimes are felonies of the second degree, both of Appellant's convictions carried a statutory maximum penalty of ten years. *See* 18 Pa.C.S.A. § 3125(c)(1) (defining Appellant's aggravated indecent assault conviction as a felony of the second degree); 18 Pa.C.S.A. § 3124.1 (defining sexual assault as a felony of the second degree); 18 Pa.C.S.A.

§ 1103(2) (declaring that the statutory maximum penalty for a felony of the second degree is ten years).  The trial court's sentence was within the statutory limit.  Therefore, Appellant's legality of sentencing claim is frivolous.

Appellant's final claim on appeal contends that he did not knowingly and voluntarily tender his guilty plea.  **See** Appellant's Brief at 19.  This claim is waived, as Appellant did not move to withdraw his plea.  **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006) ("[i]n order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion") (quotation marks, citations, and corrections omitted); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").  Further, since the claim on appeal is waived, the claim is frivolous under **Anders**.  **Commonwealth v. Tukhi**, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under **Anders**, "[a]n issue that is waived is frivolous"); **Commonwealth v. Kalichak**, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

We have independently considered the issues raised within Appellant's brief and we have determined that the claims are frivolous.  In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous.

Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/16/2021*