J-S04012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHELBY TYRONE CLARK, JR. :
:
Appellant : No. 1635 EDA 2022

Appeal from the PCRA Order Entered June 9, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at CP-39-CR-0000168-2021

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                          **FILED APRIL 06, 2023**

Shelby Tyrone Clark, Jr. (Appellant), appeals *pro se* from the order denying his timely, second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 19, 2021, Appellant pled guilty to simple assault and firearms not to be carried without a license,[1] pursuant to a negotiated plea agreement. The trial court immediately sentenced Appellant, in accordance with the terms of the plea agreement, to an aggregate 6 - 23 months in prison, followed by one year of probation.  Appellant did not appeal.

The PCRA court detailed what transpired thereafter:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2701(a)(3), 6106(a)(2).

[O]n September 8, 2021, [Appellant] filed a *pro se* [PCRA] petition. On September 28, 2021, [the PCRA] court appointed Sean Poll, Esquire [(PCRA Counsel)], to represent [Appellant]…. Later, on December 20, 2021, [PCRA Counsel filed] a "no merit" letter pursuant to the requirements of **Commonwealth v. Finley**, … 550 A.2d 213 ([Pa. Super.] 1988) [(*en banc*), and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).] A hearing relative to [Appellant's PCRA petition] was conducted before [the PCRA] court on January 6, 2022. At the evidentiary hearing, [PCRA] Counsel represented to [the PCRA] court that after thoroughly reviewing the file, he found that there was no legal basis on which to proceed with [Appellant's PCRA petition]. Therefore, [the PCRA] court permitted [PCRA Counsel to] withdraw[] from the matter. Additionally, [Appellant] indicated his desire to proceed at a later date with his [PCRA petition,] and that he would try to retain private counsel. Consequently, the hearing was continued to March 7, 2022, at the request of [Appellant].

On March 7, 2022, [Appellant] represented to [the PCRA] court that he wished to proceed *pro se*. Therefore, a **Grazier**[2] hearing was conducted in which [Appellant] was colloquied about his decision to proceed without an attorney. Despite being advised of his right to an attorney and that he would be bound by the same rules of court as an attorney, [Appellant] voluntarily, knowingly, intelligently, and unequivocally articulated that he wanted to proceed *pro se*. Thereafter, the evidentiary hearing was conducted on March 7, 2022[,] and March 8, 2022. [Appellant testified on his own behalf; he also presented testimony from two attorneys who previously represented him in this case.] Subsequently, on April 13, 2022, [the PCRA] court denied [Appellant's first PCRA petition in an opinion and accompanying order. Appellant did not appeal.]

Then, on May 3, 2022, [Appellant *pro se*] filed a second [PCRA petition[3]]. On May 19, 2022, [the PCRA] court filed a Notice

---

[2] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] Pennsylvania Rule of Criminal Procedure 904(C) mandates that an indigent petitioner be appointed counsel on a **first** PCRA petition. Pa.R.Crim.P. 904(C); **see also** Pa.R.Crim.P. 904(D) & (E) (providing that an unrepresented PCRA

*(Footnote Continued Next Page)*

of Intent to Dismiss the petition pursuant to Pa.R.Crim.P. 907(1). Then, on June 9, 2022, after receiving [Appellant's timely *pro se*] response to the Notice of Intent, [the PCRA] court denied [Appellant's] second [PCRA petition]. The [instant, timely] appeal followed on or about June 23, 2022.

PCRA Court Opinion, 8/17/22, at 2-3 (footnotes and paragraph breaks added; some capitalization modified).

On June 28, 2022, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The order cautioned Appellant that "[a]ny issue not properly included in the concise statement … timely filed and served shall be deemed waived." Order, 6/28/22. Appellant timely filed a hand-written concise statement on July 11, 2022, raising 12 allegations of error.[4] The PCRA court issued a responsive opinion on August 17, 2022, noting its reliance on reasoning previously advanced in its opinion filed April 13, 2022, and its May 19, 2022, Notice of Intent to Dismiss.

Appellant presents three issues for our review:

I.    Whether the PCRA court erred in determining a miscarriage of justice has occurred [*sic*] and Appellant was innocent of the crimes for which he was charged and dismissing Appellant's subsequent PCRA petition?

---

petitioner filing a serial petition shall only be appointed counsel when required by "the interests of justice").

[4] Appellant refiled the identical Rule 1925(b) concise statement on July 26, 2022, and July 28, 2022.

- 3 -

II. Whether the PCRA court erred in determining a manifest injustice occurred [*sic*] and court[-]appointed counsel(s) stewardship was deficient[?]

III. Did the trial court abuse its discretion by allowing the Appellant to be subjected to selective and discriminatory enforcement due to Appellant's race, age, and implicit bias?

Appellant's Brief at 2 (renumbered for disposition; some capitalization modified).

Before we address Appellant's claims, we must determine whether he preserved them in his Rule 1925(b) concise statement. This Court has emphasized that Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). "[A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." ***Bonnett***, 239 A.3d at 106 (citing ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.")); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived.").

Here, Appellant did not raise his first two issues in his Rule 1925(b) concise statement; he preserved only the third issue. ***See*** Appellant's Brief at 2, ***supra***; Concise Statement, 7/11/22. We recognize that Appellant appears before this Court *pro se*. However,

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. **See Commonwealth v. Williams**, … 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

**Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014); **see also Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) ("any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). Accordingly, Appellant waived his first and second issues. **See Bonnett**, **supra**; Pa.R.A.P. 302(a).

In his third issue, Appellant claims "the trial court abused its discretion by allowing the Appellant to be subjected to selective and discriminatory enforcement due to Appellant[']s race, age, and implicit bias…." Appellant's Brief at 8 (some capitalization modified). Appellant contends he "was profiled by law enforcement." **Id.** at 10.

> Our standard of review of the denial of PCRA relief is clear: we are limited to determining whether the PCRA court's findings are supported by the record and without legal error. We note that a second or subsequent petition must present a strong *prima facie* showing that a miscarriage of justice may have occurred. Finally, the petition must be timely, as the Act's timeliness restrictions are jurisdictional in nature and are to be strictly construed.

**Commonwealth v. Stokes**, 959 A.2d 306, 309 (Pa. 2008) (citations and quotes omitted).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3).

*Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

As Appellant did not file a direct appeal, his judgment of sentence became final on May 19, 2021. Thus, his May 3, 2022, PCRA petition is timely.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2); these include, *inter alia*, claims of ineffective assistance of counsel and an unlawfully induced guilty plea. *See id.* § 9543(a)(2)(ii & iii). A claim of discriminatory police conduct resulting in an unlawful arrest is not enumerated in section 9543(a)(2). *Accord Commonwealth v. Falcey*, 285 A.3d 959 (Pa. Super. 2022) (unpublished memorandum at 9)[5] (holding PCRA petitioner's claims that police "perjured" and "illegally detained" him "do not fall within any of the categories enumerated in section 9543(a)(2)."). Further, to qualify for collateral relief, a petitioner must establish that the claim is not waived. *Commonwealth v.*

_____

[5] Pursuant to Pa.R.A.P. 126(b)(1)-(2), this Court's unpublished decisions filed after May 1, 2019, may be cited for their persuasive value.

- 6 -

*Reid*, 235 A.3d 1124, 1156 (Pa. 2020). A claim "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Appellant could have raised this claim before trial; instead, he chose to enter a guilty plea.[6] Accordingly, this issue does not warrant relief.

Based on the foregoing, the PCRA court properly denied Appellant's second PCRA petition.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

*Date:* 4/6/2023

---

[6] We note that "when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012).